J-S01013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
            v.   :
  :
  :
  :
ALVIN WASHINGTON   :
  :
        Appellant   :   No. 277 MDA 2024

Appeal from the PCRA Order Entered February 8, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005006-2013

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED: MAY 28, 2025**

Appellant Alvin Washington appeals from the order dismissing his untimely third Post Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that the PCRA court erred in concluding that he failed to establish the newly-discovered fact exception to the PCRA time bar. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. *See* PCRA Ct. Op., 12/29/23, at 1-4. Briefly, Appellant entered an open guilty plea to one count of aggravated assault[2] on January 20, 2015. That same day, the trial court sentenced Appellant to nine to twenty

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2702(a)(1).

years' incarceration. Appellant timely appealed, and this court affirmed Appellant's judgment of sentence on August 28, 2015.[3] Appellant did not seek allocatur with the Pennsylvania Supreme Court.

Appellant filed a timely first PCRA petition on November 12, 2015. The PCRA court appointed counsel who filed a no merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) on September 29, 2016. The PCRA court dismissed Appellant's first petition without a hearing. Appellant appealed the PCRA court's dismissal, which this Court affirmed on December 21, 2017.[4] Appellant did not seek further appellate review.

Appellant filed a second PCRA petition on June 5, 2019. The PCRA court dismissed Appellant's second petition as untimely without an exception to the PCRA's time bar on May 15, 2020. Appellant appealed the dismissal, which this Court affirmed on October 22, 2021.[5] Appellant did not seek further appellate review.

On January 13, 2023, Appellant filed his third PCRA petition, which is the subject of this appeal. In his third petition, Appellant makes various claims regarding the validity of his guilty plea, the validity of his sentence, and the

_____

[3] **Commonwealth v. Washington**, 422 MDA 2015, 2015 WL 6087392 (Pa. Super. filed Aug. 28, 2015) (unpublished mem.).

[4] **Commonwealth v. Washington**, 638 MDA 2017, 2017 WL 6523287 (Pa. Super. filed Dec. 21, 2017) (unpublished mem.).

[5] **Commonwealth v. Washington**, 778 MDA 2020, 2021 WL 4932811 (Pa. Super. filed Oct. 22, 2021) (unpublished mem.).

effectiveness of plea counsel. Third PCRA Petition, 1/13/23, at 3-4, 8. Appellant pleads the newly-discovered facts exception to the PCRA's time bar claiming that he recently discovered his guilty plea was invalid, that he was "unlawfully charged with aggravated assault at Section 2702(a)(1)," and that "[t]he court imposed an illegal sentence." *Id.*

On December 29, 2023, the PCRA court filed a notice of intent to dismiss, pursuant to Pa.R.Crim.P. 907, along with a memorandum opinion. Appellant filed a response on January 25, 2024, and the PCRA court dismissed Appellant's third PCRA petition on February 8, 2024. Appellant filed a timely notice of appeal.

On March 4, 2024, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), "no later than twenty-one (21) days from the date of entry of this order." PCRA Ct. Order, 3/4/24. Accordingly, Appellant's Rule 1925(b) statement was due by March 26, 2024.[6] Appellant filed a request for an extension of time to file a Rule 1925(b) statement on March 14, 2024, seeking thirty additional days to file his Rule 1925(b) statement. However, there is no order in the certified record granting or denying this request, and Appellant failed to file a

---

[6] The PCRA court mailed the order on March 5, 2024. Defendant had 21 days from that date to file a Rule 1925(b) statement. **See** Pa.R.A.P. 108(a)(1), (d)(1) (stating that the date of entry of an order is the day the clerk of the court mails or delivers copies of the order to the parties); Pa.R.A.P. 1925(b)(2)(i) (stating that a "judge shall allow the appellant at least 21 days from the date of the order's entry" to file a Rule 1925(b) statement).

Rule 1925(b) statement. Instead, Appellant filed two documents, one styled as an "Amended Response to PCRA Court's Order of Intent to Dismiss" and another styled as "Ineffective Assistance of Counsel, PCRA Supplement," on May 3 and May 20, 2024, respectively. On May 22, 2024, the PCRA court filed a statement in lieu of opinion stating that it believed that its December 29, 2023, memorandum opinion adequately addressed all of Appellant's potential claims on appeal.

On appeal, Appellant raises the following seven issues:

1. Whether the [PCRA] court's conclusion that Appellant was aware of his newly discovered fact that his coerced guilty plea is invalid due to a lack of waiver of his constitutional rights against compulsory self-incrimination under the 5th Amendment of the U.S. Constitution and the corresponding Article of the [Pennsylvania] Constitution [is] supported by facts of record?

2. Whether the [PCRA] court's "presumption of waiver" of Appellant's rights against compulsory self-incrimination was [free] of legal error when it failed to inform [] Appellant of his rights against compulsory self-incrimination when the United States Supreme Court previously decided that the presumption of waiver from a silent record is [impermissible]?

3. Whether the [PCRA] court violated [] Appellant's rights of "due process" when it accepted his coerced guilty plea as knowing and voluntary without informing him of constitutional rights against compulsory self-incrimination as it convicted and sentenced him to 9 to 20 years in the Pennsylvania Department of Corrections?

4. Whether the [PCRA] court illegally sentenced [] Appellant when it sentenced [the] Appellant to 9 to 20 years in state prison on a charge of aggravated assault of which he was never lawfully charged as the charge was added as an additional offense by the amendment of the information?

5. Whether [] Appellant's direct appeal right[s] must be restored as his direct appeal counsel was ineffective and abandoned him on his first direct appeal?

6. Whether the PCRA Court erred when it [dismissed] [] Appellant's PCRA Petition without conducting a[n] evidentiary hearing when [] Appellant raise[d] a [genuine] issue of newly discovered fact under the one year exception to file a PCRA petition, that his guilty plea was invalid due to the lack of waiver of his 5th Amendment right of the U.S. Constitution and the corresponding Article of the [Pennsylvania] Constitution against compulsory self-incrimination along with a genuine issue of an illegal sentence that if these issues were resolved in his favor would have entitled him to Post-Conviction Collateral Relief ?

7. Whether direct appeal counsel was ineffective for not performing in the best interest of [] Appellant due to the conflict of interest of her working from the same Public Defender's Office as the trial counsel so she could not raise the claim of trial counsel's ineffectiveness at the guilty plea hearing on direct appeal for his failure to protect [] Appellant at the hearing from admitting to the allege[d] facts of a crime that were not defined by the information or of counsel's attachment of the [affidavit] of probable cause to [Appellant's] written guilty plea colloquy without [Appellant's] knowledge or understanding of which could only be used by the court to improperly determine a factual basis for its [acceptance] of [] Appellant's coerced guilty plea when the information is the only proper charging document that the court could use to properly determine if there was a factual basis for [] Appellant entering a plea of guilty?

Appellant's Brief at 1-2 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review

is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we

apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. **See id.** at 17. Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Appellant's judgment of sentence became final on September 28, 2015, thirty days after this Court affirmed his judgment of sentence on direct appeal, and the time for seeking allowance of appeal in the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review."); Pa.R.A.P. 1113 (providing that an appellant has thirty days to file a petition for allowance of appeal with the Pennsylvania Supreme Court). Therefore, Appellant had one year from September 28, 2015, in which to file a timely PCRA petition.

The record reflects that Appellant's third PCRA petition, which is the subject of this appeal, was filed on January 13, 2023, making it facially untimely. *See Jones*, 54 A.3d at 16-17. Accordingly, the PCRA court lacked jurisdiction to review Appellant's third PCRA petition unless Appellant pleaded

and proved one of the exceptions to the PCRA's time-bar as set forth in 42 Pa.C.S.§ 9545(b)(1). **See Albrecht**, 994 A.2d at 1094.

Here, the record reflects that defendant pled the newly-discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii). **See** Appellant's Brief at 5-6; **see also** Third PCRA Petition at 3.

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. **Id.**

Appellant raises three potential newly-discovered facts in his third PCRA petition. **See** Third PCRA Petition at 3. First, Appellant claims he recently discovered that he "did not waive his 5th Amendment right of 'self-incrimination' . . . before entering a guilty plea." **Id.** Second, Appellant claims he recently discovered that he was "unlawfully charged with aggravated assault at Section 2702(a)(1) by the amendment of the information as an additional charge . . . [which removed] the Court['s] . . . jurisdiction to convict on said charge." **Id.** Third, Appellant claims he recently discovered that "the court imposed an illegal sentence upon [him] when it filed to follow the letter of the law in imposing fines, costs and restitution and by sentencing [him] on [the aggravated assault] that was never lawfully charged." **Id.**

First, as to Appellant's argument about his failure to waive rights at his guilty plea hearing, the PCRA court concluded:

> This claim was already raised in [Appellant's] appeal to the Superior Court and his judgment of sentence was affirmed. ***See Commonwealth v. Washington***, 422 MDA 2015, 2015 WL 6087392 (Pa. Super. Aug. 28, 2015) (unpublished decision). Specifically, the Court found that "[t]he certified record contains ample evidence in both the written and oral colloquies that [Appellant] entered into the guilty plea fully informed and voluntarily." ***Id.*** at *2. Thus, this claim is waived. ***See Commonwealth v. Spotz***, 47 A.3d 3, 76 (Pa. 2012) ("a petitioner must show that the claims of error have not been previously litigated or waived."); 42 [Pa.C.S.] § 9543(a)(3). **More importantly, as the Court found, [Appellant's] plea was entered knowingly, intelligently, and voluntarily. Thus, his waiver of his Fifth Amendment right against self-incrimination was not previously unknown to him.** In fact, such a waiver is clearly the very basis upon which the entry of a plea of guilty is premised. Our courts have consistently held that "it is presumed that [a defendant entering a guilty plea] was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa. Super. 2013).

PCRA Ct. Op. at 6-7 (some formatting altered and emphasis added). After careful review, we find that the PCRA court's conclusion is supported by the record and free of legal error.

Second, Appellant argues that he was unlawfully charged with aggravated assault due to an improper amendment of the information. Third PCRA Petition at 3; ***see also*** Appellant's Brief at 8. Appellant argues that his discovery of the improper amendment is a new fact that satisfies the PCRA's time bar exception. Third PCRA Petition at 3.

The PCRA court concluded:

> [Appellant] next relies on the Commonwealth's amendment of the information prior to the entry of his plea. However, [Appellant] fails to provide any support for the proposition that the amendment of the information prior to entry of a guilty plea, to which a defendant was informed, may be considered as [a] previously unknown fact[] to serve as the basis for an exception to the time bar under the PCRA. Likewise, [Appellant] fails to cite to any caselaw supportive of his position.

PCRA Ct. Op. at 7. After review, we conclude that Appellant has failed to show that he did not know or could not have learned of this information through the exercise of due diligence. *See Brown*, 111 A.3d at 176. We find the PCRA court's conclusion supported by the record and free of legal error.

This Court notes that Appellant also argues that he did not discover the new "facts" regarding his guilty plea or the amendment of the information in his case until he was informed of the law by "jailhouse lawyer[s]" that reviewed his case. Appellant's Brief at 5; *see also* Third PCRA Petition at 3-4; Response to Notice of Intent to Dismiss, 1/25/24, at 2; Amended Response to PCRA Court's Order of Intent to Dismiss, 5/3/24, at 2. However, discovery of case law is not a newly-discovered fact that satisfies the PCRA's time bar. *See Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020) (stating that a judicial opinion is not a fact that satisfies Section 9545(b)(1)(ii) of the PCRA). Accordingly, this argument does not satisfy the PCRA's time-bar.

Finally, Appellant argues he recently discovered he received an illegal sentence when the court "failed to follow the letter of the law in imposing

fines, costs and restitution and by sentencing defendant on a charge that was never lawfully charged." Third PCRA Petition at 3. Appellant explains that the court "failed to ask [Appellant] if he intended to oppose restitution before the guilty plea hearing," that he was not informed that the court intended to order restitution, that the court failed to put the payee of the restitution on the record, and that the court failed to determine if he could pay restitution before imposing it. Third PCRA Petition at 4.

> The PCRA court concluded that:
>
> [Appellant] alleges that the court imposed an illegal sentence because the court "failed to follow the letter of the law in imposing fines, costs and restitution and by sentencing the defendant on a charge that was never lawfully charged." Again, [Appellant] provides no support for such a position, and we will not advocate on his behalf to justify this view. [Appellant] fails to plead how the court "failed to follow the letter of the law[,]" or how it resulted in an illegal sentence. Significantly, [Appellant] fails to demonstrate how these qualify as facts that were unknown to him.

PCRA Ct. Op. at 7-8 (citations omitted). After careful review, we find that the PCRA court's conclusion is supported by the record and free of legal error.

We note that Appellant, without citing any caselaw, argues that "illegal sentences are [unwaivable] and can be brought up at any time in a properly raised proceeding" and that he need not satisfy an exception to the PCRA's time bar to raise an illegal sentencing claim. Response to Notice of Intent to Dismiss, 1/25/24, at 2; *see also* Appellant's Brief at 8-9. However, Appellant's assertion is incorrect. A PCRA court must have jurisdiction to address the merits of an illegal sentencing claim. *See Commonwealth v.*

- 11 -

***Jackson***, 30 A.3d 516, 521-23 (Pa. Super. 2011) (holding that a petitioner is required to plead and prove a timeliness exception when raising an illegal sentencing claim in a facially untimely PCRA petition). Accordingly, this argument does not satisfy an exception to the PCRA time bar or make Appellant's third PCRA petition timely.

Based upon the reasons above, the PCRA court correctly determined Appellant's third PCRA petition was untimely and that he failed to establish an exception to the PCRA's time bar. Because the third PCRA petition was untimely and no exception applied, the PCRA court lacked jurisdiction and correctly dismissed Appellant's petition. ***See Ballance***, 203 A.3d at 1031; ***see also Albrecht***, 994 A.2d at 1094. Accordingly, we affirm the PCRA court's order dismissing Appellant's third PCRA petition as untimely.[7]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025

---

[7] In light of our conclusion that the PCRA lacked jurisdiction to address Appellant's third PCRA petition, we need not address whether Appellant filed a timely Rule 1925(b) statement.